UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARRY G. WEGER,<br><br>                        Plaintiff,<br><br>    v.<br><br>CORRECT CARE SOLUTIONS, LLC, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, KITSAP COUNTY, a Washington State municipality, THOMAS J. KINLEN, CHERYL STRANGE, MARYLOUISE JONES, BELINDA REED, JASMINE OLIVER, RICHARD CAMPBELL, JEFF TAYLOR, KEN WATKINS, MARK RUFENER, JOHN GESE, GARY SIMPSON, JOHN AND JANE DOES 1-30,<br><br>                        Defendants. | CASE NO. 19-5961 RJB-DWC<br><br>ORDER ON MOTION TO CONTINUE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(D) |

This matter comes before the Court on Plaintiff's Motion to Continue Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d). Dkt. 57. The Court has considered the pleadings filed in support of and in opposition to the Motion and the file herein.

Plaintiff brings this civil rights case alleging constitutional violations pursuant to 42

U.S.C. § 1983, violations of 42 U.S.C. § 12132 and 29 U.S.C. § 794, and multiple state law claims. Dkt. 51. The claims arise from allegations that Defendants violated his rights when they allowed him to "languish in his own feces and urine in solitary confinement" for 42 days while in the Kitsap County, Washington jail awaiting transfer for competency restoration services. Dkt. 57. On August 21, 2020, the Defendants Washington State Department of Social and Health Services ("DSHS"), Thomas J. Kinlen, Cheryl Strange, and Marylouise Jones (collectively "State Defendants") moved for summary judgment. Dkt. 51.

In the instant motion, the Plaintiff moves for Defendants' Motion for Summary Judgment to be denied without prejudice or deferred until Plaintiff's outstanding discovery requests are satisfied. Dkt. 57. State Defendants agreed to a thirty (30) day continuance of its Summary Judgment Motion. Dkt. 62. Based on the filings and the evidence, the Motion to Continue (Dkt. 57) should be granted as follows.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

This case arises out of allegations made by Plaintiff Barry Weger about conditions he experienced while confined at the Kitsap County Jail following arrest for a DUI. Dkt. 1-2. According to the Complaint, the facts relevant to the claims against State Defendants begin on June 27, 2018, when the Kitsap County District Court found that Mr. Weger, who had a history of erratic and alarming behavior, was not competent to stand trial. *Id.* at 28. The District Court ordered that he be placed in DSHS custody and admitted for evaluation and treatment within 14 days, as required by Washington State law. *Id.* at 28. The Complaint alleges that Mr. Weger was not transported to a DSHS facility until August 15, 2018, and that his injuries incurred between

June 27, and August 15, 2018, were caused by the actions or inactions of the State Defendants. Dkt. 1-2.

According to the Complaint, Mr. Weger was kept in conditions that were, as stated by the Kitsap County District Court, "deplorable," "unconscionable," and "unconstitutional." *Id.* at 31. During that time, Mr. Weger, who is an amputee with one leg, "continually smeared feces and urine on himself, throughout his jail cell, on his blanket, and scooped his feces into a bag of his wheelchair." *Id.* Mr. Weger alleges in his Complaint that instead of insuring that he remained sanitary, jailers "allowed him to use cleaning supplies in his cell if he requested them." *Id.* at 32. Mr. Weger further alleges that he was injured both as a result of negligent care and assault. *Id.* at 33.

Mr. Weger served Interrogatories and Requests for Production on DSHS on November 19, 2019, (Dkt. 57) and subsequently requested a Fed. R. Civ. P. 30(b)(6) deposition, although the date of that specific request is contested (Dkts. 57 and 62). The State Defendants acknowledge that discovery has not yet been fully produced. Dkt. 62.

**B.  PROCEDURAL HISTORY**

Defendants removed this case from Pierce County Superior Court on October 9, 2019. Dkt. 1.

On August 21, 2020, State Defendants filed a motion for summary judgment arguing that (1) the individually named State Defendants, Kinlen, Strange, and Jones, are entitled to summary judgment dismissal of Plaintiff's § 1983 claim; (2) State Defendants are entitled to summary judgment dismissal of Plaintiff's claims under 42 U.S.C. § 12132 and 29 U.S.C. § 794; and (3) State Defendants are entitled to summary judgment dismissal of Plaintiff's state law claims. Dkt. 51.

1    On August 27, 2020, Plaintiff filed the pending motion to continue Defendants' Motion for

2  Summary Judgment pursuant to Fed. R. Civ. P. 56(d). Dkt. 57.

3    Defendants responded on September 2, 2020, saying that "it had no objection to a thirty (30)

4  day continuance[.]" Dkt. 62.

## II.   DISCUSSION

### A. MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006). "The facts sought must be essential to the party's opposition to summary judgment and it must be likely that those facts will be discovered during further discovery." *Sec. Exch. Comm'n v. Stein,* 906 F.3d 823, 833 (9th Cir. 2018) (*internal quotation marks and citations omitted*).

### B. MOTION TO CONTINUE SHOULD BE GRANTED

The Plaintiff's Fed. R. Civ. P. 56(d) Motion should be granted because he has shown that, "for specified reasons," he does not yet have access to essential information to justify his opposition to Defendants' Motion for Summary Judgement. Fed. R. Civ. P. 56(d). Plaintiff has shown that outstanding discovery material may well demonstrate sufficient facts to show that State Defendants either unconstitutionally or tortuously violated Mr. Weger's rights, which would preclude summary judgment. Dkt. 57; *see also* Fed. R. Civ. P. 56(c). Moreover, State

Defendants' Response concedes that some discovery is still outstanding and offers a thirty (30) day continuance.

It is unclear from the record when the sought-after discovery will be complete, but perhaps it will be in thirty days or less. Accordingly, the Motion for Summary Judgment should be stricken without prejudice and may be renoted by the State Defendants, if appropriate, at the earlier of the completion of discovery requested by Plaintiff or at the close of discovery on November 16, 2020.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Continue Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) (Dkt. 57) **IS GRANTED** as follows:
- The Motion for Summary Judgment (Dkt. 51) **IS STRICKEN WITHOUT PREJUDICE** and may be renoted by the State Defendants, if appropriate, for the earlier of:
    - The completion of the discovery requested by plaintiff, or;
    - The close of discovery on November 16, 2020.

The Clerk is directed to send uncertified copies of this Order to all counsel of record.

Dated this 11th day of September, 2020.

*(signature)*

ROBERT J. BRYAN
United States District Judge